Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:    (401) 209-2029
Facsimile:    (401) 217-2299

Attorney for Plaintiff
Naomi Tirado

# UNITED STATES DISTRICT COURT

# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NAOMI TIRADO, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>PROSPECT CHARTERCARE SJHSRI, LLC (d/b/a OUR LADY OF FATIMA HOSPITAL, *alias*),<br><br>  Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws, §28-50-1,** *et seq.***,**<br>2. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101,** *et seq.***;**<br>3. **Violation of the Rhode Island Civil Rights of People with Disabilities Act R.I. Gen. Laws, § 42-87-1,** *et seq.***,**<br>4. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1,** *et seq.***; and**<br>5. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1,** *et seq.*<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## **TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ...................................................................................................1

PARTIES .........................................................................................................................................1

JURISDICTION ............................................................................................................................1

VENUE ............................................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ................................2

    Naomi Joins The Our Lady Fatima Team And Soon Notices A
    HIPAA Violation .........................................................................................................2

    Naomi Is Treated Differently Because She Reported HIPAA
    Violations .....................................................................................................................4

    Naomi Is Diagnosed With A Disability And Takes Medical Leave .........5

    Naomi Is Subjected To Hostile Work Conditions Upon Her Return
    From Leave ..................................................................................................................5

    Naomi Is Disregarded For A Job Opening And The Position Is
    Given To A Lesser Qualified Employee ........................................................6

    Naomi Eventually Lands A Different Position In The Hospital, But
    Is Not Given Regular Shifts ...............................................................................6

    Naomi Files A Charge Of Discrimination and Is Discharged .................6

CLAIMS FOR RELIEF ..............................................................................................................7

PRAYER FOR RELIEF .............................................................................................................9

DEMAND FOR JURY TRIAL ................................................................................................9

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT
## SUMMARY OF THE ACTION

1. Plaintiff Naomi Tirado ("Naomi") brings this action against Defendant Prospect Chartercare Sjhsri, LLC (d/b/a Our Lady of Fatima Hospital) ("Defendant") to assert her rights and remedy grave and rampant discriminatory and retaliatory violations committed by Defendant over the course of several years. Naomi is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Rhode Island Whistleblower Protection Act, R.I. Gen. Laws, §28-50-1, *et seq.* ("RIPWA"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws, § 42-87-1, *et seq*. ("PWDA"), the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1, *et seq.* ("FEPA"); and the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1, *et seq.* ("RICRA"). Naomi hereby alleges as follows:

## PARTIES

2. Plaintiff Naomi Tirado is a citizen and resident of Pawtucket, Rhode Island.

3. At all times relevant herein, Naomi was employed by Defendant in the State of Rhode Island.

4. Defendant is in the business of healthcare and duly organized and incorporated under the laws of the State of Rhode Island. Defendant's principal place of business is at 200 High Service Ave, North Providence, RI 02904, and its resident agent is CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI, 02914.

5. At all times relevant herein, Defendant was Naomi's "employer" within the meaning of all relevant statutes.

## JURISDICTION

6. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Naomi asserts claims arising under federal law. Specifically, this action arises, *inter alia*, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

7. The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

8. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because it has its principal place of business within this District, and it has sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Rhode Island and Defendant conducts business in Rhode Island. Therefore, Defendant is deemed to reside in this District. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Naomi Joins The Our Lady Fatima Team And Soon Notices A HIPAA Violation

10. Naomi was hired by Defendant on March 10, 2015 as an MRI technician. Her job performance was satisfactory from the beginning.

11. On January 15, 2018, Naomi reported a Health Insurance Portability and Accountability Act ("HIPAA") violation that had occurred in the workplace.

12. Defendant had released and circulated a video showing its new renovations. The video, however, contained the full name, date of birth, and medical ID of a patient of Defendant.

13. At the time the video was being filmed, the videographer took a clip of Naomi and another coworker at the MRI scanner looking at images. Prior to consenting to being in the video, Naomi informed the Defendant's videographers that the sensitive patient information should be removed. She suggested removing the data prior to filming, but the videographers assured that the sensitive patient data would be removed during the editing process prior to releasing the video. Her consent was contingent on their promise to remove sensitive patient

data. They never did so, and the video was released with the full name, date of birth, and medical ID of a patient whose sensitive information was protected under HIPAA.

14. The video was released on public internet websites, including but not limited to Facebook.

15. Naomi reported this violation to her direct manager, Sheila Murphy. Naomi believed that she would be protected by the law, specifically the Whistleblower's Protection Act, and that it was her duty to report the HIPPA violation.

16. Naomi was surprised when nothing came of this direct report, as she was trained as an MRI technician to immediately report HIPAA violations should they ever occur. The video remained in circulation.

17. During the following months, Naomi continued reporting the HIPAA violation to multiple agents of Defendant, including the Chief Executive Officer ("CEO") of Defendant. The CEO stated that other people would have to get involved should the report proceed.

18. Naomi attempted to involve the requisite agents of Defendant, including the Vice President ("VP") of External Affairs. Naomi made multiple attempts to speak with the VP but was met with no response.

19. In April of 2019, while still employed, Naomi met with the Chief Nursing Officer ("CNO") and direct manager, Lynn Leahy, to further report and discuss the HIPAA violation. Naomi continued to meet with the administration, but her concerns were not taken seriously.

20. Plaintiff informed Defendant that she would report the HIPAA violation to the Executive Office of Health and Human Services because Defendant was not acting on or doing anything about Naomi's HIPAA violation report.

21. In or around November of 2021, Naomi became aware that Defendant was airing that same video on ESPN during a commercial break of a Celtics basketball game. The video, containing sensitive patient data, was being broadcast to anyone who happened to be watching ESPN. Naomi discovered this violation on Friday, November 19, 2021. On Monday, November 22, 2021, she called Ottis Brown, the VP of External Affairs, to discuss the violation. He did not call back.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

22. On November 23, 2021, Naomi followed up with Mr. Brown in an e-mail, in which she asked him to please give her a call regarding a major HIPAA violation that she would like to discuss. Mr. Brown never followed up with Noami, either by phone or e-mail.

23. In November and December of 2021, Naomi continued attempting to meet with administration about the HIPAA violations. Naomi met with Ms. Murphy and Ms. Leahy regarding the video on December 3, 2021, where she again brought up her concerns about the HIPAA violations. She provided a link to the video to Ms. Murphy and Ms. Leahy as well.

24. The video remained in circulation.

**Naomi Is Treated Differently Because She Reported HIPAA Violations**

25. It became clear that nothing was going to be done about the HIPAA violations that Naomi had reported, and it became even clearer that Naomi would be treated differently because she had spoken up.

26. During this time, Naomi was eligible for promotions. The CEO sent out emails to Naomi's manager, which stated that all requisite documentation had to be submitted on time in order for Naomi to be eligible for promotions. The CNO (the same CNO that Naomi had reported HIPAA violations to) would not send in the requisite documentation on her behalf. The CNO began accusing Naomi of having patients complain about her, although no documentation was presented to corroborate these accusations. Naomi asked for any corroboration or explanation, several times. Naomi had not heard of any accusations or patient complaints at any time prior to when she began reporting the HIPAA violations. It seemed as if these "reports" started after Naomi spoke up about the HIPAA violations.

27. Around this time, the work environment became extremely toxic. Starting around January 2020, there was an increase in unprofessional and toxic behavioral incidents between providers and floor staff.

28. Also during this time, Naomi was being asked to scan and provide imaging for COVID-19 patients without providing the proper personal protective equipment ("PPE").

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Naomi Is Diagnosed With A Disability And Takes Medical Leave**

29. The toxic environment continued, and Naomi was ultimately clinically diagnosed with extreme anxiety. Naomi spoke with Ms. Murphy on December 20, 2021 and provided pertinent details about her medical condition, the conditions at work, and the situations that were increasing her anxiety.

30. As a result of the anxiety, Naomi took a leave of absence on December 21, 2021. Defendant was aware of the condition requiring the leave of absence, as Naomi had spoken at length about it to Ms. Murphy the day before.

31. On January 7, 2022, the Rhode Island Department of Health investigated Defendant's working conditions due to claims made of unsafe conditions regarding the scanning of COVID-19 patients without PPE.

32. Naomi returned from leave on January 24, 2022.

**Naomi Is Subjected To Hostile Work Conditions Upon Her Return From Leave**

33. Upon Naomi's return, the conditions at work remained hostile towards Naomi. For example, she once again needed her evaluation papers filled out in order to be eligible for future promotions and pay increases. Again, Naomi's supervisors refused to timely complete these forms, causing her to have to follow up with supervisors several times (her peers did not have to follow up like this), and causing her to lose promotion opportunities.

34. Throughout this time, Naomi did not receive merit-based or performance-based bonuses, as she once had. While Naomi did receive incremental pay increases or crisis pay, this was something that *all staff* received based on the market, inflation, and circumstances such as COVID-19. The increases were not merit-based or performance-based. The absence of bonuses was largely because her performance evaluations did not occur by the scheduled cut-off dates, precluding her eligibility from receiving bonuses (she often had to follow up several times in order for her review to be submitted). This deliberate delayal felt like it was because Naomi reported the HIPAA violations, took a medical leave due to her disability, and became a "problem" for Defendant.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

### Naomi Is Disregarded For A Job Opening And The Position Is Given To A Lesser Qualified Employee

35. Working conditions within her practice area became so hostile that Naomi began looking for different jobs within the hospital. It deeply saddened Naomi that her decision to adhere to her duties and report the HIPAA violations led to this outcome. On March 31, 2022, Naomi applied for a different job within the hospital. However, Naomi's supervisor, after seeing that Plaintiff applied for the job, immediately removed the open position online (rendering it no longer available) and subsequently offered the position to another, lesser qualified employee. This prevented Naomi from obtaining that job.

36. Naomi was disheartened once again. Due to her previous HIPAA violation reports and her disability, it appeared that she was not even being considered for the job.

37. The HIPAA violation video remained in circulation this entire time. Naomi discussed the HIPAA violation with Defendant's CEO on April 8, 2022. Her concerns were still not taken seriously, and she continued to be treated as a problem.

### Naomi Eventually Lands A Different Position In The Hospital, But Is Not Given Regular Shifts

38. Naomi searched for and applied for a different per diem position, which she was eventually granted. She began this new role on April 24, 2022. However, Naomi did not receive standard shifts in this per diem position, as would be the norm for this position. Instead, she was only offered to be on-call for a "call shift," meaning she would be called in at any time. Being on "call shifts" was not a requirement of the per diem position, yet that was all she was being offered.

### Naomi Files A Charge Of Discrimination and Is Discharged

39. On or about October 7, 2022, Naomi filed a Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

40. On or about March 15, 2023, Naomi was contacted by a third-party company (Exit Right) stating that she was being terminated from her position at Defendant. She was not

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

contacted or notified by Defendant directly. Defendant had not notified Naomi that she was being terminated. The Exit Right representative that Naomi spoke to was unaware that Defendant had not informed Naomi that she was being terminated prior to having Exit Right call Naomi for an exit interview. The Exit Right representative apologized for having to be the one to break the news.

41. Naomi was asked to complete a termination form online, in which the following question was asked: "In the course of your employment, were you aware of illegal or unethical practices?" Naomi responded "yes," and explained that there were HIPAA violations that went unaddressed for various years. Only then did a privacy officer at Prospect Chartercare feel compelled to respond and address the issue, calling her the very next day on March 30, 2023 at 11:29 AM. But it was too late – Naomi was already terminated.

42. Thereafter, and in accordance with R.I. Gen. Laws § 28-5-24.1(c), Naomi elected to terminate all proceedings before the RICHR and the EEOC, and instead assert her rights and remedy Defendant's violations in Court. On July 24, 2023, the RICHR issued Naomi a Notice of Right to Sue. On August 18, 2023, the EEOC issued Naomi a Notice of Right to Sue. Naomi has therefore timely and properly exhausted administrative remedies and has satisfied all pre-conditions to the filing of this action.

43. The facts are straightforward – Defendant discriminated and retaliated against Naomi due to her disability and her decision to not stay silent and report HIPAA violations. Naomi brings this action to remedy these violations.

## CLAIMS FOR RELIEF

44. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

### First Claim for Relief

*Violation of Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I. Gen. Laws, §28-50-1, et seq.*

45. Defendant, by its individual and/or concerted acts and/or omissions, including,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

but not limited to those described herein, retaliated against Naomi for engaging in protected activity by reporting a violation of law (namely, reporting HIPAA violations) in violation of RIPWA, and thereby deprived Naomi of rights secured under RIPWA, causing Naomi to suffer damages as aforesaid.

### Second Claim for Relief

*Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.*

46. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Naomi's disability within the meaning of the ADA (namely, anxiety). Naomi was subjected to adverse employment actions due to her disability, including but not limited to Defendant's deliberate interference with her promotion eligibility, merit-based performance salary increase potential, and search for another position. This caused Naomi to suffer damages as aforesaid.

### Third Claim for Relief

*Violation of the Rhode Island Civil Rights of People with Disabilities Act,*

*R.I. Gen. Laws, § 42-87-1, et seq.*

47. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Naomi's disability within the meaning of the RICRPDA (namely, anxiety). Naomi was subjected to adverse employment actions due to her disability, including but not limited to Defendant's deliberate interference with her promotion eligibility, merit-based performance salary increase potential, and search for another position. This caused Naomi to suffer damages as aforesaid.

### Fourth Claim for Relief

*Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq.*

48. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful employment discrimination based on Naomi's disability within the meaning of the FEPA, retaliated against Naomi for engaging in protected activity in violation of FEPA (including, but not limited to, reporting HIPAA

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

violations to HR and upper executives, and filing a charge of discrimination) and thereby otherwise deprived Naomi of her rights secured under FEPA, causing Naomi to suffer damages as aforesaid.

### Fifth Claim for Relief

*Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 et seq.*

49. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on Naomi's disability within the meaning of the RICRA, and thereby otherwise deprived Naomi of her rights secured under RICRA, causing Naomi to suffer damages as aforesaid.

### PRAYER FOR RELIEF

WHEREFORE, Naomi prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the RIWPA, ADA, PWDA, FEPA, and RICRA;

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Naomi whole for all earnings and benefits Naomi would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Naomi is entitled;

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

issues triable as of right.

Dated: October 19, 2023

ODU LAW FIRM, LLC

By: /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF, NAOMI TIRADO**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system. I further caused to be served a copy of the foregoing document to counsel of record at their last known address.

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
NAOMI TIRADO**